**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5694-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

QUAWI TWIGGS,

     Defendant-Appellant.

_____

Submitted January 21, 2020 – Decided April 9, 2020

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 11-04-1059.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Kevin Jay Hein, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This post-conviction relief (PCR) matter arises from defendant Quawi Twiggs' negotiated plea agreement resulting in his guilty plea on May 21, 2012, to an amended count of first-degree aggravated manslaughter in consideration for the State recommending a prison term between ten and twenty years. Almost two years earlier, defendant and his father were involved in a dispute that tragically ended when defendant shot and killed his father in front of other family members.

The State agreed to dismiss the charges of first-degree murder, third-degree hindering apprehension, and two related second-degree weapons offenses. Had defendant gone to trial and been found guilty of first-degree murder he could have been sentenced to a prison term of thirty years to life. See N.J.S.A. 2C:11-3(b)(1).

At defendant's July 20, 2012 sentencing, following the parties' argument and consideration of the aggravating and mitigating factors, the trial judge rejected trial counsel's request that defendant receive a ten-year prison term and imposed the twenty-year prison term subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, sought by the State.

On direct appeal, defendant only appealed his sentence. On October 28, 2015, we heard defendant's challenge on our Excessive Sentence Oral Argument

2

calendar pursuant to Rule 2:9-11 and rejected his claim the sentence was excessive because it should have been a mid-range sentence of twenty years.

On July 13, 2017, defendant filed a timely petition for PCR alleging trial counsel was ineffective because counsel told him he would receive a ten-year prison term or a sentence at the low end of the plea agreement's range because he had a viable claim of self-defense. He contends he would not have pled guilty had counsel informed him he would receive a twenty-year sentence. He also claimed counsel and the trial court failed to mention the defense of self-defense. In support of his petition, defendant submitted his own certification together with certifications by his mother and sister to support his position that he shot his father in self-defense. They all asserted defendant was confronted and threatened by his father, who pulled up his shirt to reveal his waistband. Only the sister's certification stated there was a gun in the father's waistband.

After considering the parties' briefs and arguments, PCR Judge Kathleen M. Delaney denied relief without an evidentiary hearing because defendant failed to establish a prima facie claim of ineffective assistance of counsel under the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), that defense counsel's performance was deficient and that, but for the deficient performance, the result would have been different. In her oral decision, the

judge determined the plea record established "all parties were aware of the judge's discretion and that the [ten]-year . . . sentence was the low end of the [plea] agreement and was solely a possibility." Specifically, the judge cited defendant's plea form and his thorough plea colloquy evidencing his plea was knowing and voluntary.

As for the self-defense issue, Judge Delaney noted the plea form and plea colloquy reflected defendant knowingly waived his right to trial and the ability to confront witnesses against him, and to testify and present his own witnesses to  support his self-defense claim.

On appeal, defendant raises the following contention:

> POINT ONE
>
> MR. TWIGGS IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY ASSURING HIM THAT HE WOULD NOT RECEIVE A MAXIMUM TERM OF IMPRISONMENT, BUT WOULD RECEIVE A TERM OF IMPRISONMENT ON THE LOWER END OF THE SENTENCING RANGE, IN EXCHANGE FOR HIS GUILTY PLEA.

Having considered defendant's arguments in light of the record and applicable legal standards, they lack sufficient merit to warrant extensive discussion in a written opinion, R. 2:11-3(e)(2), and we affirm substantially for

4

the reasons set forth by Judge Delaney in her cogent oral decision. We only add that the plea record fully supports the judge's determination that defendant was fully aware of the sentencing range and even though the twenty-year sentence imposed was at the high end of the range set forth in the plea agreement, it was within the range. Defendant's bald assertion that counsel told him he would receive a ten-year sentence fails to present any competent evidence of ineffectiveness of counsel. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Because defendant failed to establish a prima facie claim of ineffectiveness, an evidentiary hearing was not warranted. State v. Preciose, 129 N.J. 451, 462 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5694-17T1